### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CRIMINAL ACTION |
| ) | |
| v. ) | No. 13-20078-01-KHV |
| ) | |
| JOSE ALEMAN, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

## MEMORANDUM AND ORDER

On July 10, 2013, a grand jury indicted defendant on one count of being a felon in possession of a weapon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). This matter comes before the Court on defendant's Motion To Suppress Evidence (Doc. #16) filed August 12, 2014. The Court referred this motion to Magistrate Judge Teresa J. James for a report and recommendation. See Minute Order (Doc. #20) filed August 22, 2014.

On September 8, 2014, Judge James recommended that the Court overrule the motion. See Report And Recommendation On Motion To Suppress Evidence (Doc. #24). Defendant timely objected to the report and recommendation. See Objections To Report And Recommendation (Doc. #26) filed September 22, 2014. For reasons set forth below the Court adopts the report and recommendation and overrules defendant's motion to suppress.

## Legal Standards

The Court reviews de novo any part of the magistrate judge findings or recommendations to which an objection is made. See 28 U.S.C. § 636(b)(1). The Court may accept, reject or modify in whole or in part the findings or recommendations made by the magistrate judge. Id. Also, the

Court may receive further evidence or return the matter to the magistrate judge with instructions. Id.

## Analysis

Defendant argues that the Court must suppress evidence which officers obtained in a traffic stop on January 9, 2013 in Kansas City, Kansas. Defendant asserts that the traffic stop was illegal because the officers did not have reasonable suspicion to justify the stop and therefore the Court must suppress all evidence seized in connection with the stop.

On August 26, 2014, Judge James held an evidentiary hearing. After considering the evidence and supplemental authority, Judge James found that police officers Carl Webb and Officer Shepard[1] had a reasonable articulable suspicion that defendant had violated local ordinances by (1) failing to properly stop at a stop sign and (2) not displaying a license plate on the vehicle. Report And Recommendation (Doc. #24) at 7-8. Judge James therefore found that the stop was justified at its inception.

Defendant asserts that in finding that the stop was justified, Judge James based her conclusion on the following erroneous findings of fact: (1) the vehicle was "nearly at the intersection when Officer Webb first saw the car," (2) defendant's car "failed to come to a complete full stop ahead of the markings" and (3) defendant "made an improper stop by either rolling through the stop, stopping past the markings, or failing to stop."[2] See id. at 2-3. The report and recommendation set

---

[1] The record does not contain Officer Shepard's first name.

[2] Defendant also asserts that Judge James should have explicitly found that Officer Webb did not see defendant's car until after it passed the stop sign.

out these statements in reciting Officer Webb's testimony. After summarizing all of Officer Webb's testimony, however, Judge James found as follows:

> Although Officer Webb testified on cross-examination that [defendant's vehicle] was past the stop sign when he first saw it, his testimony and the marks he made on a map to show the location of the two vehicles vis-a-vis each other persuade the Court that the officers' reasonable suspicion that [defendant's vehicle] had not come to a complete stop behind the stop sign was supported by objectively reasonable good faith belief. Officer Webb's testimony that the patrol car slowed because it did not appear Defendant was going to stop supports the conclusion that [defendant's vehicle] was traveling at such a rate of speed that it could not have stopped at the sign.

Report And Recommendation (Doc. #24) at 7. The Court's review of the transcript of the hearing on August 26, 2014 supports this finding.

Further, out of an abundance of caution, on November 18, 2014, the Court heard additional testimony from Officer Webb regarding the circumstances of the stop. As with his testimony before Judge James, Officer Webb's testimony was somewhat inartful, confusing and at times internally inconsistent. The Court, however, is satisfied that for reasons articulated by Judge James, Officer Webb's observations led him to an objectively reasonable belief that defendant had failed to make a complete stop at the intersection in violation of a local ordinance. In other words, the Court finds that Officer Webb had an objectively reasonable belief, based on how fast he saw defendant's vehicle traveling, that defendant had not come to a complete stop at the stop sign. Further, the Court has reviewed Judge James' thorough analysis of the law and finds no legal error. The Court therefore overrules defendant's objections.

**IT IS THEREFORE ORDERED** that defendant's Objections To Report And Recommendations (Doc. #26) filed September 22, 2014 be and hereby are **OVERRULED**.

**IT IS FURTHER ORDERED** that the Court hereby adopts the Report And Recommendation On Motion To Suppress Evidence (Doc. #24) filed September 8, 2014, as supplemented by this Memorandum And Order.

**IT IS FURTHER ORDERED** that defendant's Motion To Suppress Evidence (Doc. #16) filed August 12, 2014 be and hereby is **OVERRULED**.

Dated this 24th day of November, 2014 at Kansas City, Kansas.

s/ Kathryn H. Vratil
Kathryn H. Vratil
United States District Judge