IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | CRIMINAL ACTION |
| ) | No. 13-20078-KHV |
| v. ) | |
| ) | CIVIL ACTION |
| JOSE ALEMAN, ) | No. 17-2520-KHV |
| ) | |
| Defendant. ) | |
| _____) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on defendant Jose Aleman's pro se <u>Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody</u> (Doc. #106) filed September 7, 2017.  For reasons stated below, the Court overrules defendant's motion and denies a certificate of appealability.

**Factual Background**

The Tenth Circuit Court of Appeals summarized the procedural history as follows:

> Kansas City police pulled over Jose Aleman for running a stop sign.  After obtaining Aleman's information the officers discovered an outstanding warrant for his arrest.  During the encounter, the officers obtained permission from Aleman's passenger, the owner of the car, to search the vehicle and found a firearm under the driver's seat.  A federal grand jury subsequently indicted Aleman for possession of a firearm by a convicted felon, a violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).
>
> Aleman sought to suppress the evidence and testimony resulting from the stop, arguing that the officers lacked reasonable suspicion that Aleman had violated the law prior to the stop, and thus obtained the evidence in violation of the Fourth Amendment.  A magistrate judge heard Aleman's motion to suppress and recommended that the district court deny the motion.  The district court conducted a second evidentiary hearing and concluded, like the magistrate judge, the traffic stop was properly based on a suspected traffic violation.

<u>Order And Judgment</u> (Doc. #105) filed March 2, 2017 at 1-2.  At trial, a jury found defendant guilty

of possession of a firearm by a convicted felon.  Verdict (Doc. #73) filed March 30, 2015.  The Court sentenced defendant to 87 months in prison.  Judgment (Doc. #83) filed December 8, 2015. He appealed the judgment to the Tenth Circuit, which affirmed.  Notice Of Appeal (Doc. #85) filed December 21, 2015; Order And Judgment (Doc. #105) at 2, 9.

On September 7, 2017, defendant filed a pro se motion to vacate his sentence under 28 U.S.C. § 2255.  Motion To Vacate (Doc. #106).  Defendant alleges that the government suppressed evidence that the police officers did not issue a traffic ticket during the stop that resulted in his conviction.  Memorandum (Doc. #106-1) filed September 7, 2017 at 1.  He argues that the prosecution's suppression of evidence violated his Due Process rights, specifically those established in Brady v. Maryland, 373 U.S. 83 (1963), and Napue v. Illinois, 360 U.S. 264 (1959).  Id. at 2-4. Defendant also asserts that the government's withholding of evidence violated his right to effective assistance of counsel.  Id. at 4-5.

**Analysis**

The Court applies a stringent standard of review when analyzing Section 2255 petitions.  The Court presumes that the proceedings which led to defendant's conviction were correct.  See Klein v. United States, 880 F.2d 250, 253 (10th Cir. 1989).

**I.    Denial Of Due Process**

Defendant asserts that the government violated Brady, 373 U.S. 83 (1963), and Napue, 360 U.S. 264 (1959), by withholding evidence that the arresting police officers did not issue a traffic citation after they stopped defendant.[1]  Memorandum (Doc. #106-1) at 2-4.  To establish a Brady

---

[1] In Napue, the Supreme Court held that "a State may not knowingly use false evidence, including false testimony . . . [that] goes only to the credibility of the witness."  360 U.S. at 269.  Defendant does not assert that the withheld evidence related to any witness's credibility.

violation, defendant must prove that (1) the government suppressed evidence; (2) the suppressed evidence was favorable to the defense; and (3) the evidence was material. United States v. Wooten, 377 F.3d 1134, 1142 (10th Cir. 2004). Defendant's Brady claim fails on two grounds.

First, the government did not suppress evidence that the officers did not issue a traffic citation during the stop; it essentially admitted as much. See Transcript Of Motion To Suppress Evidence (Doc. #94) filed February 4, 2016 at 13. At the suppression hearing, government counsel discussed a traffic citation in the conditional tense, stating "if Officer Webb would have given the defendant a citation." Id. (emphasis added). At the same hearing, a police officer stated that he "didn't have the tickets to prove" what infractions occurred. Id. at 7. The officer later appeared to contradict this testimony when he stated that he wrote a ticket. Id. at 11. Despite this inconsistency, defendant fails to support his allegation with detail about what specific evidence the government failed to disclose. Further, because defendant never received a traffic citation, he knew that officers did not issue a ticket as a result of the traffic stop. Raley v. Ylst, 470 F.3d 792, 804 (9th Cir. 2006) (no Brady violation where defendant knows essential facts suppressed evidence proves); see also Fields v. Wharrie, 672 F.3d 505, 513 (7th Cir. 2012) (duty to disclose applies to evidence possessed exclusively by prosecution and government).

Even if the Court presumes that the government withheld evidence, defendant fails to establish that the evidence was material, or show a "reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." United States v. Brooks, 727 F.3d 1291, 1300 n.7 (10th Cir. 2013) (citation and quotation marks omitted).

---

Memorandum (Doc. #106-1) at 2-4. Thus, to the extent defendant's claim relies on Napue, the Court overrules this claim.

Defendant attempts to satisfy the materiality requirement by arguing that if the government had disclosed the evidence, the Court would have suppressed all evidence derived from the traffic stop under the fruit of the poisonous tree doctrine. Memorandum (Doc. #106-1) at 3.

Defendant's contention presumes that the officers' failure to issue a citation proves that they did not have justification to conduct a traffic stop – i.e. reasonable suspicion that the driver violated a law. United States v. Martinez, 512 F.3d 1268, 1272 (10th Cir. 2008) (traffic stop justified under Fourth Amendment by reasonable suspicion that traffic regulation violated). This assumption is incorrect. Reasonable suspicion requires only a "minimum level of objective justification." United States v. Garcia, 751 F.3d 1139, 1143 (10th Cir. 2014) (quotation marks omitted). The officers' failure to issue a traffic citation does not prove that they lacked an objective belief that defendant had violated a traffic regulation. Defendant fails to establish that the Court would have granted his motion to suppress if he had presented evidence that the officers did not issue a ticket. Thus, defendant fails to prove the materiality of the allegedly suppressed evidence. The Court denies relief on this ground.

## II.   Ineffective Assistance Of Counsel

To establish ineffective assistance of counsel, defendant must show that the performance of counsel was (1) deficient and (2) caused prejudice – a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. Strickland v. Washington, 466 U.S. 668, 687, 694 (1984). To establish deficient performance, defendant must prove that counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. at 687. In other words, defendant must prove that counsel performed "below an objective standard of reasonableness." United States v.

Walling, 982 F.2d 447, 449 (10th Cir. 1992).

Defendant argues that the government's withholding of evidence caused his counsel to provide ineffective assistance. Memorandum (Doc. #106-1) at 4. Defendant bases this claim solely on government action. He does not assert that trial counsel performed deficiently in failing to discover the lack of a traffic citation or in failing to argue at trial that the government violated Brady. Even if the Court presumes that counsel performed deficiently in some way, defendant cannot establish prejudice for reasons stated above. Thus, the Court denies relief on this ground.

## Conclusion

The files and records in this case conclusively show that defendant is not entitled to relief. Moreover, defendant does not allege specific and particularized facts which, if true, would entitle him to relief. Accordingly, no evidentiary hearing or government response is required. See 28 U.S.C. § 2255; United States v. Cervini, 379 F.3d 987, 994 (10th Cir. 2004) (standard for evidentiary hearing higher than notice pleading); United States v. Kilpatrick, 124 F.3d 218 (Table), 1997 WL 537866, at *3 (10th Cir. 1997) (conclusory allegations do not warrant hearing); United States v. Marr, 856 F.2d 1471, 1472 (10th Cir. 1988) (no hearing required where court may resolve factual matters raised by Section 2255 petition on record); United States v. Barboa, 777 F.2d 1420, 1422-23 (10th Cir. 1985) (hearing not required unless "petitioner's allegations, if proved, would entitle him to relief" and allegations not contravened by record).

## Certificate Of Appealability

Under Rule 11 of the Rules Governing Section 2255 Proceedings, the Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a

constitutional right. 28 U.S.C. § 2253(c)(2).[4] To satisfy this standard, the movant must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Saiz v. Ortiz, 392 F.3d 1166, 1171 n.3 (10th Cir. 2004) (quoting Tennard v. Dretke, 542 U.S. 274, 282 (2004)).  For reasons stated above, the Court finds that defendant has not satisfied this standard.  The Court therefore denies a certificate of appealability as to its ruling on defendant's Section 2255 motion.

**IT IS THEREFORE ORDERED** that defendant's Motion To Vacate Under 28 U.S.C. § 2255 (Doc. #106) filed September 7, 2017 is **OVERRULED.**

**IT IS FURTHER ORDERED** that a certificate of appealability as to the ruling on defendant's Section 2255 motion is **DENIED**.

Dated this 6th day of November, 2017 at Kansas City, Kansas.

                                      s/ Kathryn H. Vratil
                                      KATHRYN H. VRATIL
                                      United States District Judge

---

[4] The denial of a Section 2255 motion is not appealable unless a circuit justice or a circuit or district judge issues a certificate of appealability.  See Fed. R. App. P. 22(b)(1); 28 U.S.C. § 2253(c)(1).